UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,          CRIMINAL NO. 16-CR-20291

vs.

                                      HON. NANCY G. EDMUNDS

ISSAC JAMES HARGROVE,

          Defendant.
_____/

**United States' Response in Opposition to Defendant's Third Supplemental Brief in Support of Motion for Compassionate Release and Recommendation for Home Confinement**

On December 1, 2016, Hargrove pleaded guilty to possession with intent to distribute crack cocaine and possession with intent to distribute heroin, in violation of 21 U.S.C. §841(a)(1) (ECF No. 16, PageID. 32.) He was sentenced on April 18, 2017 to 72 months' imprisonment on each count, to run consecutively, for a total sentence of 144 months, to be followed by a 4- year period of supervised release (ECF No. 27, PageID. 561.)  His sentence was partially based upon his lengthy prior criminal history of drug trafficking, which enhanced his sentence as a career offender. Hargrove began serving his current sentence on September 6, 2017. He has served approximately 25% of his sentence.

On June 23, 2020, Hargrove filed his *pro se* motion for compassionate release based upon his health conditions and Covid (ECF No. 32, PageID. 576.) The government filed its response in opposition to his motion on July 23, 2020 (ECF No. 38, PageID. 834.) The government's opposition to Hargrove's release on compassionate release is based upon: (1) the fact that he does not meet the substantive requirements for compassionate release; (2) release would not be proper due to the dangerousness he presents to the community and the safety of others, and (3) the factors in 18 U.S.C. § 3553(a) strongly weigh against compassionate release.

The government re-asserts those arguments in response to Hargrove's third supplemental motion and brief. The reasons why his motion for compassionate release should be denied have not changed. His re-newed request for compassionate release, like the first, should be denied.

### Hargrove's Failure To Meet The Substantive Requirements For Compassionate Release, The Fact That His Release Would Present A Danger To The Community And The Weighing Of The Relevant §3553(A) Factors Which Disfavor His Release Has Not Changed.

In his brief, Hargrove claims that because his health conditions have worsened, he now has an even greater extraordinary and compelling reason to be released from prison (ECF No. 44, PageID.925.)

The government acknowledges that in this district, and others throughout the country, inmates have been released based upon their extraordinary medical

2

conditions which place them at a higher risk of contracting Covid, and for positive Covid tests. But positive Covid inmates, for obvious reasons of infecting others and spreading the virus among the general population, and others with dire medical conditions have also been denied release based upon other reasons. *United States v. Bland*, No. 18-20555 (E.D. Mich. May 28, 2020), J. Goldsmith (denying compassionate release, finding the risk of Covid-19 reinfection and potentially developing a more severe response is not an "extraordinary and compelling reason"); *United States v. Buford*, No. 05-80955, 2020 WL 4040705 (E.D. Mich. July 17, 2020), J. Lawson (denying compassionate release because inmate did not make a "convincing case that he is at an elevated risk for complications from Covid-19."); *United States v. Powers*, No. 14-20449, 2020 WL 5046886 (E.D. Mich. August 26, 2020), J. Michelson (Elkton inmate tested positive twice for Covid-19, but release not warranted because he presented a danger to the community); *United States v. Smith*, No. 17-20753, 2020 WL 5440331 (E.D. Mich. September 10, 2020), J. Ludington (Inmate, who was a functional paraplegic, tested positive for Covid-19, and was hospitalized, however, motion for release denied because inmate had only served a small portion of his sentence, had an extensive criminal history, and would be a danger to the community if released early.); *United States v. Arana*, No. 95-80272, 2020 WL 2214232 (E.D. Mich. September 17, 2020) J. Michelson (inmate denied early release because inmate's positive Covid test, with a lack of symptoms,

3

weighed against his early release). For some of those same reasons, Hargrove should be denied compassionate release, despite his current medical conditions.

First, Hargrove does not present "extraordinary and compelling" reasons to warrant early release. Section 1B1.13 cabins compassionate release to a narrow group of non-dangerous defendants who are most in need. That policy statement limits "extraordinary and compelling reasons" to four categories: (1) the inmate's medical condition; (2) the inmate's age; (3) the inmate's family circumstances; and (4) other reasons "[a]s determined by the Director of the Bureau of Prisons," which the Bureau of Prisons has set forth in [Program Statement 5050.50](). USSG § 1B1.13 cmt. n.1.

The Covid-19 pandemic does not, by itself, qualify as the type of inmate-specific condition permitting compassionate release. The Bureau of Prisons has worked diligently to implement precautionary measures reducing the risk from Covid-19 to Ashaq and other inmates. *See Wilson v. Williams*, 961 F.3d 829, 833–34 (6th Cir. 2020). Thus, "the mere existence of Covid-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020); *cf. Wilson*, 961 F.3d at 845.

4

In response to Hargrove's claim concerning his worsening medical conditions, his current medical records from the BOP were reviewed (ECF No. 44-1, PageID. 933, Exhibit H). The most recent medical records indicate that on October 2, 2020, Hargrove was seen by medical personnel for a medication review. After his medication plan was discussed, he was "dismissed in good condition." He voiced no medical concerns or medical complaints. On October 6, 2020, Hargrove had a follow up with medical personnel to check his blood pressure and medications. No pulmonary or cardiac issues were observed. Hargrove appeared "well, alert and oriented." He denied any chest pain or shortness of breath. He voiced no concerns or complaints during that visit. On October 9, 2020, Hargrove again was visited by Health Services as a medication follow up appointment. He had no complaints or concerns at that time. On October 16, 2020, Hargrove was again assessed by Health Services for his medication review. He had no questions about his medications or condition, and expressed no concerns or complaints. He was "dismissed in good condition." On October 19, 2020, Hargrove visited Health Services for chest pain, when laying down and engaging in increased activity. He was transferred to a local hospital for further evaluation.

Hargrove is currently at FCI Hazelton, located in Bruceton Mills, West Virginia. The FCI facility houses 1157 inmates. At this time there has been only one staff member who has tested positive for Covid-19 and 6 staff members who have

recovered. No inmates have tested positive. There have been no reported deaths, *See* https://www.bop.gov/coronavirus/. Within the facility, precautions are being taken to isolate inmates who have been infected and to regularly check their medical status. Hargrove claims that the facility is not equipped to provide adequate and appropriate medical care and treatment however, his claims are unsupported and without factual evidence. The fact that the facility has not reported higher numbers, nor any inmate deaths, may be indicative of their extensive efforts to mitigate the spread of the virus within the facility.

It is true that Hargrove suffers from medical conditions which will be treated with medications the rest of his life. However, the BOP medical reports indicate that he is being regularly monitored and hospitalized when needed. His medical conditions are not so exceptional or compelling that compassionate release is warranted. The medical records confirm that Hargrove has not contracted the Covid virus while imprisoned. As such, his concerns about greater consequences based upon his heart condition or other medical conditions are speculative.

Second, Hargrove is ineligible for compassionate release because he is a danger to the community. As detailed in the government's response to Hargrove's motion, Hargrove is a drug trafficker who has a lengthy history of criminal activity involving drugs and firearms. He has at least six prior felony convictions for drug trafficking and numerous prior arrests for felonious assault (PSR, ¶ 41-47). At the time of his

arrest in this case he was on parole for a state felony drug case. This case involved nine controlled sales of crack cocaine to a confidential informant at a Detroit Coney Island restaurant. The purchases amounted to 53 grams of crack cocaine (PSR, ¶ 10). On the same date, a search warrant was executed at Hargrove's house. Officers discovered the following items: one (1) Glock, Model 30, .45 Caliber, Semi-Automatic Firearm, Serial Number RWR661; one (1) Heckler and Koch, Model P30, 9mm, Semi-Automatic Firearm, Serial Number 129-042988; four (4) large sandwich bags of crack cocaine (191 grams); one (1) sandwich bag of heroin (8.75 grams); and miscellaneous narcotic packaging equipment (PSR, ¶ 11). Due to his prior criminal history and his history of violence, Hargrove's release at this time would not ensure public safety.

And the § 3553(a) factors—which the Court must also consider under § 3582(c)(1)(A)—likewise do not support release. Hargrove's crime was serious and caused danger to others. His criminal history includes other acts of violence, drug trafficking and possession of firearms. On numerous occasions, he violated the terms of parole or probation by engaging in new criminal activity. Prior to his arrest Hargrove had no verifiable employment and a history of substance abuse. Hargrove has only served about 3 years of his 144 month sentence – 25%. His projected release date is August 13, 2026. He has engaged in misconduct while in prison, including possession of drugs/alcohol and refusing to obey orders. The BOP has determined

7

that he is a medium risk recidivism level. Hargrove has suggested that he could reside with his sister, Ellen Turner, who at the time of his arrest was unemployed and living on social security disability benefits as a result of sickle cell anemia (PSR, ¶ 49). Hargrove has also suggested residence with another sister, Velma Jackson, who is 18 years younger than Hargrove, and whose employment and living situation are unknown (PSR, ¶ 49).

At the time of his arrest, Hargrove had no verifiable work history (PSR, ¶ 59). While in prison he has not enrolled in vocational training programs and has not earned his GED. In addition, he has not established any financial savings for release needs (ECF 38, PageID. 834, Exhibit 4 - Program Review Report). Hargrove's record thus suggests that his release into home confinement at this time, even despite his medical conditions, would quickly spiral into additional criminal conduct.

Hargrove's motion should be denied.

> MATTHEW SCHNEIDER
> United States Attorney
>
> *s/Susan E. Fairchild* (P41908)
> Assistant United States Attorney
> 211 W. Fort St., Suite 2001
> Detroit, Michigan  48226
> (313) 226-9577
> E-mail: susan.fairchild@usdoj.gov

Dated: November 2, 2020

8

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2020, I electronically filed the foregoing document with the Clerk of the Court using the ECF system.

Colleen P. Fitzharris
Attorney for Isaac Hargrove

                                              *s/Susan E. Fairchild* (P41908)
                                              Assistant United States Attorney
                                              211 W. Fort St., Suite 2001
                                              Detroit, Michigan 48226
                                              (313) 226-9577
                                              E-mail: susan.fairchild@usdoj.gov